UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

In the Matter of the Petition for Writ of Habeas Corpus under 28 USC § 2241(c)(3).

GERALD M. BROWN JR., PRO-SE :

V. :

ASHBEL T. WALL, DIRECTOR R.I. A.C.I. :

CA. CA 05 272

PETITION FOR WRIT OF HABEAS CORPUS

The petitioner, Gerald M. Brown Jr., respectfully shows:

1). Petitioner, Gerald M. Brown Jr., is imprisoned and restrained of Liberty at the Rhode Island Adult Correctional Institution in Cranston, R.I. 02920.

2). The director of the R.I. Adult Correctional Institution is Ashbel T. Wall 40 Howard Avenue Cranston, R.I. 02920.

3). The cause or pretense of the imprisonment and restraint of the Petitioner, according to petitioner's best knowledge and belief, is one (1) count 2nd Degree Sexual Assault and two (2) counts of First Degree Child Molestation.

4). The imprisonment of the Petitioner is Illegal, in that Bias of the Special Assistant Attorney General Randall White did unlawfully use his Office, with malice and forethought to unlawfully bring forward to a Grand Jury an Indictment that he knew was beyond the Statute of Limitations after the R.I. State Legislature did revamp the R.I. Statute of Limitations Law RIGL § 12-12-17 approved on 9 March 1988 and Mr. White did present said unlawful Indictment on 14 April 1989. But original Indictment was not physically seen by the petitioner until all files were turned over on 23 June 2003 after Judge's order as petitioner was

just previously granted right to proceed Pro-Se in his second Post Conviction Relief Application before the R.I. Superior Court.

5). On 21 November 1997, Petitioner made an application to the United States District Court for the District Of Rhode Island in CA. 97-665ML under a 28 USC §2254 Writ, on the grounds that unlawful Prejudice of 404b Rules of Evidence violations, Deficient Performance of Counsel of pre-trial negligence, and Preponderance of mistakes as to gross breakdown of a fair trial, and the Rhode Island District Court Justice Mary Lisi, there upon caused the Writ to be issued, but, after a hearing before Magistrate Judge Robert Lovegreen, the Rhode Island District Court Magistrate did Report and Recommend to dismiss Petitioner's § 2254 petition, The Honorable Justice Lisi did accept said Report and Recommendation on 27 August 1998, rendering a decision that petitioner was not illegally confined.

Petitioner has new facts and evidence not reasonably available to Petitioner on the hearing of the former Writ, which, does consist of the following; 1). Due to Appointed and Public Defender Attorney norms of client treatments of Discovery Evidence and of clients in their secrecy of what the client is shown or told, this Petitioner was never allowed to view the original Indictment against him, until such time as he was declared Pro-Se before the court and obtained a Superior Court order that all previous court appointed and Public Defenders Attorney's to turn over all of the petitioner's files to the Petitioner physically which, was done on 23 June 2003. At the time the Petitioner was conducting his second Post Conviction Relief Application, to press his rights as outlined in RIGL §10-9.1-7 asking for a written response to all

his previously not answered reasons for his Post Conviction Relief that was not addressed in his first Post Conviction Relief application, when it was summarily dismissed in its bifurcated handling of only the first part of Strickland, for Ineffective Assistance of Counsel and did not address all of the other issues that were also brought forward in that application. The second application was filed on 18 April 2000 and was Amended to include parole denial on 2 December 2002, and an Addendum was added to include Statute of Limitations violations by the Special Assist Attorney General, Randall White, on 10 July 2003, for his malicious intent with malice and forethought unlawful presentation of an illegal Indictment under his office authority with his bias and prejudicial discrimination for all individuals charged with alleged child molestation. This issue has been addressed by the R.I. Supreme Court as beyond the Statute of Limitations in Smith and Wilson both of which are unpublished decisions in partiality. But, both deal with the defenses notions in this case. Petitioner desires at this time to present such evidence that was denied him at his earlier avenues of relief and appeal until the date it was discovered by him in his pursuit of his own representation, before this court.

The new facts and evidence were not available at the time of the prior hearing, for the following reasons: That petitioner was not in physical possession of his Criminal File until 23 June 2003 and his previous hearings ended on 27 August 1998., That defendants in Criminal conviction are not privy to discovery, when appointed or Public Defender Attorneys are assigned to cases, That the petitioner was always told that there was no problem with the Indictment, but, was never shown it as he was told they didn't have to show him or that it was a secret Indictment and

they could not show it to him.

6). Petitioner was denied a certificate of appealility by the Rhode District Court Justice Mary Lisi on 30 March 1999.

**Wherefore,** Petitioner prays this court grant him a 28 USC § 2241 Writ of Habeas Corpus, Directed at Ashbel T. Wall for his unlawful Incarceration of the Petitioner, issued for the purpose of inquiring into the cause of imprisonment and restraint of the Petitioner, and of delivering Petitioner there from, Pursuant to Law.

8 June 2005
Date

Respectfully Submitted,

Gerald M. Brown Jr., Pro-Se
#71461, FL-39, P.O. Box 8274
Cranston, R.I. 02920

**VERIFICATION**

**State of Rhode Island**
**County of Providence**

I, Gerald M. Brown Jr., being first duly sworn, under oath says: That he is the petitioner in this action and knows the contents of the above application for Writ of Habeas Corpus under 28 USC § 2241 (c)(3); That it is true of his own Knowledge, except as to those matters that are stated in it on his information and beliefs; and as to those matters, he believes them to be true.

Gerald M. Brown Jr., Pro-Se
#71461, FL-39, P.O. Box 8274
Cranston, R.I. 02920

Subscribed and sworn before me this 8 day of June 2005.

**SEAL HERE**

Exp 5/31/09

Notary Public or other person Authorized by Law to administer an Oath.