USDC / RI
05-00272
Smith, W.

MANDATE

# United States Court of Appeals
## For the First Circuit

---

No. 05-1974

GERALD M. BROWN, JR.,

Petitioner,

v.

ASHBEL T. WALL, DIRECTOR OF THE RHODE ISLAND DEPARTMENT OF CORRECTIONS,

Respondent.

---

Before

Boudin, Chief Judge,
Stahl, Senior Circuit Judge,
and Lynch, Circuit Judge.

---

JUDGMENT

Entered: October 3, 2005

We construe *pro se* petitioner Gerald M. Brown's "Appeal Brief and Objection to District Court's Passing §2241 To Circuit Under §2244" as either: (1) an application for leave to file a second or successive habeas corpus petition pursuant to 28 U.S.C. §2244(b); or (2) a request to transfer the case back to the district court on the ground that petitioner's filing was a §2241 petition, not a §2254 petition.

Petitioner argues that the district court erred by transferring his complaint to this Court. He contends that his complaint was filed under 28 U.S.C. §2241 and not under 28 U.S.C. §2254 and, therefore, that our permission is not necessary. We disagree. Petitioner's complaint exclusively challenges the

validity of his conviction and does not challenge the execution of his sentence. Therefore, the proper vehicle for this claim is a §2254 petition, not a §2241 petition. Evans v. Ray, 390 F.3d 1247, 1249-50 (3d. Cir. 2004); see also United States v. Barrett, 178 F.3d 34, 50 n.10 (1st Cir. 1999)(same reasoning in §2255 context).

Pursuant to 28 U.S.C. §2244(b), because petitioner has previously filed a §2254 petition, permission from this Court is necessary before he may file another one. "Section 2244(b) of AEDPA requires this court to serve as a gatekeeper and the above requirements effectuate a 'modified res judicata rule,' ... under which a habeas petitioner, as a general matter, may neither resurrect claims vetted in a previous application nor prosecute claims that reasonably could have been raised in, but were omitted from, a prior application." Libby v. Magnuson, 177 F.3d 43, 49 (1st Cir. 1999)(citing Felker v. Turpin, 518 U.S. 651, 664 (1996)). Brown raises only one real claim in his complaint; he challenges the validity of his indictment on statute of limitation grounds. With this claim Brown is merely "resurrect[ing] claims vetted [and rejected] in a previous application." Id.

Accordingly, Brown's application for leave to file a second or successive habeas petition is denied and, in the alternative, his request to transfer this case back to the district court is denied as well.

[illegible] and Issued as Mandate [illegible]d. R. App. P. 41.

Richard Cushing Donovan, Clerk

Deputy Clerk

Date: 10/25/05

By the Court:

Richard Cushing Donovan, Clerk.

MARGARET CARTER

By: ______________________

Chief Deputy Clerk

[cc: Gerald Brown, JR., Patrick Lynch, AG, Christopher Bush, Esq.]